Judge Mills
delivered the Opinion of the Court.
William Miner departed this life intestate, and administration of his estate was granted to his widow, Hannah Miner, and James Slaughter jointly, and they entered into a joint administration "bond, with Jeremiah Brown and Will. W. Mason as sureties, for the due and faithful administration of the estate. The widow, some time thereafter, intermarried with Abraham Froman, who consequently became administrator in right of his wife. The sureties, Brown and Mason, caused a summons to be issued against the said Hannah and Slaughter, on a suggestion that the estate was in danger, to shew cause why they should not be compelled to give counter security. On their appearance they failed to give such security, and thereupon the court revoked their letters of administration, and granted administration to- Abraham Froman- himself, who gave security accordingly.
, Froman and wife then filed this bill, charging that Slaughter was the acting administrator before the grant v/as revoked, and had most of the estate in his hands, and exhibited a settlement of the county court, shewing a balance of money in his hands unaccounted for. Froman claims that balance entire, as administrator de bonis non, and also, both claim his wife’s distributive share thereof, to- be assigned her out of it.
The court below decreed in favor of the complainants, the entire amount due on the account settled with the county court, not only against Slaughter, but his sureties in the administration bond, who were made defendants; but one of them having answered the bill and resisted the decree. To reverse this decree this writ of error is prosecuted.
Froman must stand as an administrator de bnnis ■non, and can have no greater rights' against the mo-«icy in the hands of Slaughter-than that character *20 entitles him to. The money which he has recovered. against Slaughter and sureties, has arisen from the hire of slaves and rent of lands, and is the result of his administration.
Administrator de bonis non is entitled to the chattels of tho deceased remaining in specie, but not to the proceeds of tiiose sold nor to hire of slaves.
Sureties of the widow and her coadministrator, in their administration bond, are not liable f .r liei distributive shore nf the chattels collected and converted by her co-administrator.
An administrator de herds non is entitled to every specific article which belonged to the decedant, and which is not disposed of or converted into money by the first administrator. Such at tía les have not been administered, and íheadmieistíator de bouts non acqires the ¿-¡une interest in them that the first administrator had. Rut not so wit it the price of the articles already administered or converted Into money. As to their price, the administrator de bonis non is not entitled to have an account against the first administrator or his representatives, as held heretofore by this court, Graves vs. Downey, 8 Monroe 356.
As the bill therefore claims, and the complainants have obtained a decree, not for goods or chattels u.n-administered, but for an account for monies, arising as the result of fllaugSiter’s administration, and from his underta L.ifig as guardian to rent out the lands and receive the rents, the decree giving the whole to Froman is erroneous.
IDs chirr in right of his wife for her distributive share is next to be considered, and that amounts to' one third of the personalty. Rut even for this she and her husband cannot be entitled to a decree against the sureties of Slaughter; because they are the sureties of herself also; and it would be absurd to permit her to recover against her own sureties, a sum which she would be bound to restore, to them if they had it to pay. It is true that one administrator or executor is not liable at common law for the other. But it is equally true that when they eider into a joint bond, as here is the case, although one of them does not act, or wastes the estate, yet that one, by the express letter of the bond, remains liable for the faithful administration of the e,state, anti that, not as surety only, but as principal. Hence, if a recovery on this bond should be had against one or both these sureties, they might recover the amount thereof, not only from Slaughter, but from Mrs. Fromm also. Thera sureties may be bound as wdl r. j Mrs. *21 Froman to remaining distributees. But as to Mrs. Froman, she cannot be permitted to recover against sureties, who have entered into engagements, not only for Slaughter, hut for her also. This accords with the principles adopted by this court in the case of South's heirs vs Hoy’s heirs, 3 Monroe, 85. As to Froman himself, by his marriage he has become liable to the legal responsibilities incurred by his wife, and as he claims this estate through her, he cannot recover where she cannot. The decree, therefore, against the sureties is wholly erroneous, and the bill as to them, in behalf of Froman and wife, ought to have been dismissed.
In such case the co-administrator, and he only, is liable to” her.
In a hill for the widow's distributive share the other distributee's must be parties.
Guthrie, for plaintiff.
But Froman and wife can maintain their bill against Slaughter aloné for her distributive share, and to do so, the remaining distributees ought to be made parties, for it is clear, that one distributee of an intestate’s estate is not entitled to account and distribution of tlie estate without bringing all the distributees before the court.
The decree must, therefore, he reversed, with costs, and the cause be remanded with directions to dismiss the bill as to the sureties with costs, and also to dismiss the hill as to Slaughter with costs, anil without pejudice to any future suit for the same cause, unless the complainants shall bring the remaining distributees before the court in a reasonable time given for that purpose.